IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. **3:10-CR-235-L** |
| | § | |
| **ROBERT WALI** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Motion to Dismiss – Commerce Clause, filed November 29, 2010; (2) Motion to Dismiss the Indictment – Right to Bear Arms, filed November 29, 2010; and (3) Defendant's Motion to Stipulate ("Old Chief"), filed November 29, 2010. After carefully considering the motions, briefs, record, and applicable law, the court **denies** Defendant's Motion to Dismiss – Commerce Clause, **denies** Defendant's Motion to Dismiss the Indictment – Right to Bear Arms, and **grants** Defendant's Motion to Stipulate ("Old Chief").

Defendant Robert Wali ("Defendant") was indicted on August 17, 2010, on one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Indictment also included a forfeiture notice pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Defendant has filed two motions to dismiss the Indictment. The government opposes both.

In his first motion, Defendant argues that the constitutionality of 18 U.S.C. § 922(g) is in doubt after two decisions by the Supreme Court, *United States v. Morrison*, 529 U.S. 598, 627 (2000), and *Jones v. United States*, 529 U.S. 848, 859 (2000). He also argues that the Indictment lacks a sufficient connection to interstate commerce. Defendant concedes that his motion is contrary to current Fifth Circuit law but that it preserves the issue for further review.

In his second motion, Defendant argues that 18 U.S.C. § 922(g)(1) unconstitutionally infringes upon the fundamental right of each individual to bear arms set forth in the Second Amendment to the United States Constitution. He acknowledges that Fifth Circuit cases have held that the specific restriction in the statute has been found to be constitutional. *United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004); *United States v. Darrington*, 351 F.3d 632, 635 (5th Cir. 2003), *cert. denied*, 541 U.S. 1080 (2004); *United States v. Emerson*, 270 F.3d 203, 210 (5th Cir. 2001), *cert. denied*, 536 U.S. 907 (2002). He also notes that the Supreme Court, in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2816-17 (2008), recently held that "nothing in our opinion should be taken to case doubt on longstanding prohibitions on the possession of firearms by felons . . . ." He makes his request, however, in good faith and understands that the court cannot dismiss count one as requested.

The government argues that *Darrington* forecloses both motions filed by Defendant. In that case, the court held that "felons . . . may be prohibited from possessing firearms" despite the guarantees of the Second Amendment. 351 F.3d at 634. The court also rejected a similar commerce clause challenge to section 922 in that case. *Id*.

In light of *Darrington* and other precedent, the court determines that Defendant's arguments for dismissal of count one are without merit. Accordingly, it **denies** his Motion to Dismiss – Commerce Clause and Motion to Dismiss the Indictment – Right to Bear Arms.

Next, Defendant has filed a motion to stipulate that he has one prior conviction for a crime punishable by a term of imprisonment of more than one year. He argues that such a stipulation makes it unnecessary for the government to introduce evidence of his conviction, including the name

of his prior offense. Defendant relies upon *Old Chief v. United States*, 519 U.S. 172 (1997). The government did not respond to this motion.

In light of Defendant's offer to stipulate and the holding in *Old Chief*, the court **grants** Defendant's Motion to Stipulate ("Old Chief"). The court will **permit** Defendant to stipulate that he has one prior conviction for a crime punishable by a term of imprisonment of more than one year, and the government is hereby **prohibited** from introducing evidence regarding his prior felony conviction including the name of the prior offense. If the government seeks to introduce evidence of Defendant's prior felony conviction for other reasons, it shall approach the bench and raise the issue outside the presence of the jury.

**It is so ordered** this 14th day of December, 2010.

Sam A. Lindsay
United States District Judge