IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:10-CR-235-L** |
| | § | |
| **ROBERT WALI** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Government's Motion to Reopen Testimony Regarding the Motion to Suppress and to Reconsider the Court's Memorandum Opinion and Order Granting Defendant's Motion to Suppress, filed April 11, 2011. After carefully considering the motion, response, record, and applicable law, the court **denies** the Government's Motion to Reopen Testimony Regarding the Motion to Suppress and to Reconsider the Court's Memorandum Opinion and Order Granting Defendant's Motion to Suppress. The court further **denies** Defendant's request for a continuance of the trial setting.

The court granted Defendant's Motion to Suppress Evidence on March 3, 2011, and ordered the exclusion of a .357 revolver, recovered by police officers from Defendant Robert Wali ("Wali") on March 30, 2010, and any other evidence seized or statements made by Wali as a result of his seizure and arrest, for trial. The court determined that Wali's Fourth Amendment rights had been violated when Officer Brandon Poor ("Officer Poor") seized Wali without reasonable suspicion that Wali was engaged in criminal activity.

The government filed nothing in response to the court's March 3, 2011 memorandum opinion and order until four days before the March 21, 2011 trial date. On March 17, 2011, the government filed an untimely motion for continuance and stated that its counsel was already engaged in another

criminal trial that day before the Honorable Jorge Solis. The court reluctantly, though graciously, granted the government a continuance of the trial date until May 17, 2011, despite the court's original March 21, 2011 trial setting in this case having preceded the trial setting in the criminal case before Judge Solis. The court set a new motion deadline of April 4, 2011, and made clear that no further continuances would be granted, absent exceptional or extraordinary circumstances.

One week following the expiration of the April 4, 2011 motion deadline in this case, the government filed this motion for reconsideration of the court's March 3, 2011 memorandum opinion and order, and requested that the court reopen evidence regarding Defendant's Motion to Suppress Evidence.* The government provides no explanation for the late filing, yet it asks to introduce "new" evidence concerning what the 911-caller reported to the police dispatcher regarding his observations of Wali on March 30, 2010. Specifically, the government contends that the 911-caller reported Wali made a threatening gesture with his gun to him and to children playing nearby. The caller reportedly feared for his physical safety and relayed all of this information to the police dispatcher. The government contends that this information was sufficient to create reasonable suspicion of aggravated assault with a deadly weapon under § 22.02 of the Texas Penal Code and that, under the doctrine of "collective knowledge," everything that the police dispatcher knew could be imputed to Officer Poor.

This is the *first* time that the government has informed the court (or Wali) about the existence of these "facts," and frankly, the court finds these "facts" suspect. The government had every reason to relay this information to the court when the court held its evidentiary hearing in January 2011.

---

*Defendant's Motion to Suppress Evidence was filed on December 6, 2010. The court held an evidentiary hearing regarding the motion on January 5, 2011. The court made its ruling on the motion on March 3, 2011.

Doing so would have suggested that the 911-caller had reported activity that was *per se* illegal, rather than potentially illegal. Even if the 911-caller, who identified himself as "David," had reservations about testifying in January, the government could have provided testimony from the police dispatcher or from the dispatch report itself to corroborate its "new" assertions. "David" could have been subpoenaed, and the court knows that the government in the past has used its subpoena power to get reluctant or recalcitrant witnesses to testify. Moreover, the government never raised any of these concerns until its motion to reconsider. Nowhere does the record in this case even remotely intimate that the police dispatcher communicated anything to Officer Poor other than that there was a person walking in a residential area carrying a handgun. There was no report of the person revealing his handgun in a threatening manner or engaging in any type of assault with a deadly weapon. The court expressly declines the government's invitation to reopen evidence regarding Defendant's Motion to Suppress Evidence.

With respect to reconsidering the court's March 3, 2011 memorandum opinion and order, the government argues that the court's holding was flawed because it failed to take into account the "collective knowledge" doctrine or determine that the 911-caller's tip was not "anonymous." Despite the government's contentions, the court's March 3, 2011 memorandum opinion and order directly addressed these arguments. As to the "collective knowledge" doctrine, the court determined that the mere availability of vital information was insufficient to vitiate the constitutional protections of the Fourth Amendment. *See* March 3, 2011 Order at 8, n.2. The "collective knowledge doctrine" anticipates situations where one law enforcement officer relays a bulletin of criminal activity and calls upon other law enforcement officers for assistance. *See United States v. Hensley*, 469 U.S. 221, 231 (1985). The assisting officers may rely on the relaying officer's bulletin of criminal activity and

proceed with reasonable suspicion even though they may not have possessed the personal knowledge of the relaying officer. *See id.* In this case, the government argues that, because the police dispatcher knew about the 911-caller's reported facts, which amounted to an aggravated assault with a deadly weapon, Officer Poor automatically had that information imputed to him under the doctrine. The court disagrees.

The "collective knowledge" doctrine applies only when specific criminal activity is relayed. *See United States v. Ibarra-Sanchez*, 199 F.3d 753, 757, 759 (5th Cir. 1999) (holding that reasonable suspicion could be imputed as collective knowledge to police officers acting in reliance on a bulletin from a DEA agent stating that a van was loaded with drugs and assistance was required to stop it). In this case, the police dispatcher only relayed to Officer Poor that a person was carrying a handgun. The police dispatcher did not relay or pass on information to Officer Poor that "David" or children had been threatened or assaulted with a gun. Any knowledge that the police dispatcher had of aggravated assault could therefore not reasonably be imputed to Officer Poor. The same is true with respect to the reliability of the 911-caller's tip. Officer Poor was not aware that the caller had provided a name and a phone number, and it was impossible for Officer Poor to determine that criminal activity was afoot without first confirming that Wali did not qualify for one of the exceptions to the prohibition against carrying handguns under § 46.02 of the Texas Penal Code. Before Officer Poor could have reasonably made that assessment, he had already seized and arrested Wali.

While the government is correct in its assertion that an observation of *per se* illegal conduct is unnecessary to effect a *Terry* stop, there was nothing so suspicious about a black male walking down the street holding only a white water bottle as to justify Officer Poor's immediate and

unprovoked display of force and detention.  The mere statement from a police dispatcher that a person is carrying a handgun does not justify that kind of approach.  Carrying a handgun is not necessarily against the law, and Officer Poor had no reason to suspect that he was in danger based on what he actually observed.  To hold otherwise would grant law enforcement officers a license to eviscerate the constitutional protections of the Fourth Amendment at the mere request of a police dispatcher to "make an arrest," absent a valid reason for doing so.  Further, the government has failed to even address, let alone distinguish, the facts and holdings of *Florida v. J.L.*, 529 U.S. 266 (2000), and *United States v. Roch*, 5 F.3d 894 (5th Cir. 1993), with those of this case.  The court sees no meaningful distinction between those cases and the facts present in this case, and the government has failed to square the holdings of those cases with Officer Poor's seizure of Wali.

The court is unpersuaded by the government's motion to reconsider its March 3, 2011 memorandum opinion and order.  Because the court will deny the government's motion, a continuance to the trial setting is unnecessary, and one will not be granted.  This case remains set for trial on **May 17, 2011, at 9:00 a.m.**

For the reasons stated herein, the court **denies** the Government's Motion to Reopen Testimony Regarding the Motion to Suppress and to Reconsider the Court's Memorandum Opinion and Order Granting Defendant's Motion to Suppress.  The court also **denies** Defendant's request for a continuance.

**It is so ordered** this 19th day of April, 2011.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge